**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DARREN OLIVER ROBINSON,**

        **Petitioner,**

**v.**                                          **Civil Action No.  3:05cv41
                                                     Criminal Action No.  3:04cr52(1)
                                                       (Judge Stamp)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**REPORT AND RECOMMENDATION ON PETITIONER'S § 2255 MOTION**

On May 9, 2005, the *pro se* petitioner, Darren Oliver Robinson, filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. On June 3, 2005, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time and the Respondent was directed to file an answer. The respondent filed a Motion to Dismiss on November 1, 2006. Petitioner filed his reply on November 10, 2006. This case is before the undersigned for a report and recommendation pursuant to Standing Order No. 4 and LR PL P 83.01, et seq.

**I.  Procedural History**

**A.  Petitioner's Conviction and Sentence**

Petitioner was named in a five count indictment issued by a grand jury sitting in the Northern District of West Virginia on July 21, 2004. Count one charged that Petitioner conspired to distribute crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Counts two, three and four charged Petitioner with distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). Count five was a forfeiture charge asserting that Petitioner shall forfeit any and all

property deriving from any proceeds of the alleged narcotics violations or intended to be used to facilitate the commission of said violations.

On October 1, 2004, Petitioner pled guilty to Count 4 of the indictment, which charged him with distributing 3.34 grams of crack cocaine. On February 16, 2005, Petitioner was sentenced to 202 months imprisonment to be followed by three years supervised release.

## B. <u>Direct Appeal</u>

Petitioner filed a direct appeal of his conviction and sentence on April 6, 2005. On July 28, 2005, the Fourth Circuit Court of Appeals found that Petitioner failed to file his notice of appeal within ten days from the date of judgment. However, the Court noted that the district court could grant Petitioner a thirty day extension upon a showing of excusable neglect or good cause. Because Petitioner had filed his notice of appeal within the thirty day window, the Court found that the notice of appeal could be considered timely upon a finding of excusable neglect or good cause. Therefore, the case was remanded to the district court to determine whether Petitioner could establish excusable neglect or good cause so as to warrant an extension of the ten day appeals period.

On February 1, 2006, the district court directed Petitioner to show excusable neglect. After conducting four hearings on the matter, the district court determined that there was a breakdown in communication between Petitioner and his defense counsel and that Petitioner intended to file an appeal. Thus, the district court determined that Petitioner had established good cause or excusable neglect and granted Petitioner a thirty day extension for filing his appeal. Petitioner's appeal was therefore deemed timely filed. A copy of that Order was transmitted to the Fourth Circuit Court of Appeals for further consideration of Petitioner's appeal. Petitioner's appeal is still pending with the Fourth Circuit.

**C. Petitioner's Federal Habeas**

After the filing of his notice of appeal, Petitioner filed a motion to vacate his sentence under § 2255 in this court. In the motion, Petitioner asserts two grounds for relief:

(1) Counsel was ineffective for allowing Petitioner to plead guilty.[1]

(2) His sentence was unconstitutionally enhanced by facts not heard by a jury, alleged in the indictment or stipulated to in open court.

**D. The Respondent's Motion to Dismiss**

In its motion to dismiss, the United States argues that Petitioner's § 2255 petition is premature. More specifically, the Respondent argues that because Petitioner's case is currently on appeal, the district court is divested of jurisdiction over the matters raised in Petitioner's § 2255 motion. The Respondent further argues that several of the issues raised in Petitioner's § 2255 motion should first be addressed on appeal.

**II. Analysis**

As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). This jurisdictional transfer principle prevents a district court from taking any action that would impermissibly "alter the status of the case as it rests before the Court of Appeals." Dayton Indep. School Dist. v. United States Mineral Prods. Co., 906

---

[1] In this claim, Petitioner asserts that counsel told him that by pleading guilty to count four, which alleged 3.34 grams of crack cocaine, Petitioner would receive a sentence of 108 months. However, Petitioner's actual sentence was 202 months.

F.2d 1059, 1063 (5th Cir. 1990). Therefore, when an appeal is pending, the district court retains jurisdiction only to determine matters that are "uniquely separable" and collateral to the issues involved in the appeal. See Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 98 (3d Cir. 1988). "This judge-made rule . . . was designed to address the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." United States v. Swint, 2007 WL 675340 (E.D. Pa. Feb. 27, 2007) (internal citations and quotations omitted).

Here, the issues raised by Petitioner in his § 2255 motion are not "uniquely separable" and collateral from a decision on the merits of his appeal. Rather, a decision favorable to Petitioner in these proceedings would clearly alter the status of the case as it rests before the Court of Appeals. Thus, Petitioner's § 2255 motion should be dismissed as premature. Walker v. Connor, 2003 WL 21660483 (4th Cir. 2003) (unpublished).

### III. Recommendation

For the reasons set forth herein, the undersigned recommends that the Respondent's Motion to Dismiss (dckt. 46) be **GRANTED** and that Petitioner's § 2255 petition be **DISMISSED without prejudice as premature**.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C.

4

§ 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: April 4, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE